IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RENEE DOMINGUEZ, Administrator of the Estate of Enrique Dominguez, Deceased, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. CIV-20-317-RAW |
| SCOTT CROW, DIRECTOR OF THE DEPARTMENT OF CORRECTIONS, and MIKE CARPENTER, WARDEN, | ) ) ) ) ) |
| Defendants. | ) |

**ORDER**

Before the court is the motion of defendants to dismiss plaintiff's amended complaint. Plaintiff alleges that Enrique Dominguez, deceased, was convicted in Pontitoc County District Court and was then an inmate in the Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma. Mr. Dominguez verbally expressed depression and told a female correctional employee that he was about to kill himself. On November 28, 2018, he cut himself on the wrists and arms. Upon discovery, prison guards took him for medical attention. He was then returned to the same cell. He was not monitored or placed on suicide watch and did not have a cellmate. In the morning hours of November 29, 2018, he hung himself with his bedsheet and died. Plaintiff has named as defendants Scott Crow, the Director of the Oklahoma Department of Corrections, and Mike Carpenter, the Warden of the OSP.

The amended complaint (#13) alleges (1) a violation of the Eighth and Fourteenth

Amendments to the United States Constitution, to be enforced pursuant to 42 U.S.C. §1983 and (2) violation of the Oklahoma Constitution. In response to the present motion, plaintiff concedes dismissal of his state-law claims (#15 at 7).

Defendants seek dismissal based upon Rule 12(b)(6) F.R.Cv.P. The court must accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the plaintiff. *Burnett v. Mortgage Electronic Registration Systems, Inc.,* 706 F.3d 1231, 1235 (10th Cir.2013). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* Rule 8(a)(2) still lives. Under Rule 8, specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests. *Khalik v. United Air Lines,* 671 F.3d 1188, 1191 (10th Cir.2012). While the 12(b)(6) standard does not require that plaintiff establish a prima facie case in his complaint, the elements of each alleged cause of action help to determine whether plaintiff has set forth a plausible claim. *Id.* at 1192.

First, defendants argue that any §1983 claim against them in their official capacity must be dismissed based upon Eleventh Amendment immunity. "[T]he Eleventh Amendment bars federal court jurisdiction over a state agency for both money damages and injunctive relief, or a state official acting in [his] official capacity in a suit for damages. . . " *Ellis v. Univ. of Kan. Med. Ctr.,* 163 F.3d 1186, 1196 (10th Cir.1998).

Plaintiff argues that the State of Oklahoma has waived sovereign immunity in this context by the passage of the Governmental Tort Claims Act, which permits recovery in certain circumstances. The court disagrees. The Act states that "it is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution." 51 O.S. §152.1(B). The waiver of immunity under the Act extends only to the State of Oklahoma's immunity in its <u>own</u> courts; it does not extend to federal courts. *See Harris v. Okla. Office of Juvenile Affairs,* 519 Fed.Appx. 978, 980 (10th Cir.2013). "Oklahoma has not waived sovereign immunity against §1983 claims in federal district court." *Callahan v. Poppell,* 471 F.3d 1155, 1159 (10th Cir.2006). The court finds the official-capacity claims must be dismissed, but dismissal will be without prejudice. "[A] dismissal on sovereign immunity grounds . . . must be without prejudice." *Rural Water Sewer & Solid Waste Mgmt. v. Guthrie,* 654 F.3d 1058, 1069 n.9 (10th Cir.2011).

Next, defendants seek dismissal (as to any claims against them in their personal capacity) on the basis of qualified immunity. District courts may grant a motion to dismiss based on qualified immunity, but asserting a qualified immunity defense via a Rule 12(b)(6) motion subjects the defendant to a more challenging standard of review than would apply on summary judgment. *Truman v. Orem City,* 1 F.4th 1227, 1235 (10th Cir.2021). Specifically, the court analyzes the defendant's conduct *as alleged in the complaint. Id.*

Qualified immunity applies to supervisory liability in §1983 cases. *Turner v. Okla. Co. Bd. of Co.Comm'rs,* 804 Fed.Appx. 921, 925 (10th Cir.2020). When a defendant raises a

qualified immunity defense in a Rule 12(b)(6) motion, the court must dismiss the action unless the plaintiff shows that (1) the defendant violated a statutory or constitutional right, and (2) the right was clearly established at the time of the defendant's violation. *Id.* The court may decide which of the two prongs to address first, and need not address both. *Id.*

A right is clearly established "when a Supreme Court or Tenth Circuit decision is on point, or if the clearly established weight of authority from other courts shows that the right must be as the plaintiff maintains." *P.J. ex rel. Jensen v. Wagner,* 603 F.3d 1182, 1196-97 (10th Cir.2010). Addressing first the clearly-established prong, the court declines to dismiss on that basis. "Further, the duty to provide adequate medical care to detainees includes a duty to prevent suicide when the official <u>knows</u> a serious risk of the prisoner detainee committing suicide exists." *Holbert v. Cimarron Co. Sheriff's Dept.,* 2021 WL 111868, *3 (W.D.Okla.2021)(emphasis aded). The *Holbert* decision cites [as plaintiff herein does] *Gaston v. Ploeger,* 229 Fed.Appx. 702 (10th Cir.2007).

"The right that was allegedly violated – a right to be placed on suicide watch after threatening self-harm – was not 'clearly established' at the time this lawsuit was filed. To the contrary, the weight of relevant authority suggests that there is no such right." *Oakley v. Williams,* 2021 WL 4170464, * (D.Colo.2021). In the case at bar, however, the inmate <u>committed</u> self-harm, rather than merely threatening to do so. In this court's view, this distinction rises to the level of a serious or substantial risk of suicide.

4

Next, addressing the other prong of qualified immunity, the court must determine whether plaintiff has sufficiently alleged the defendants violated Mr. Dominguez's constitutional rights. "In most cases, the Tenth Circuit has stated that the risk of constitutional harm identified need not apply to a specific inmate." *Barrios v. Haskell Co. Public Facilities Auth.,* 2019 WL 321409, *5 (E.D.Okla.2019). "However, the Tenth Circuit has carved out a different rule with regard to inmate suicides, requiring that the Defendant be aware of a substantial risk of suicide for the specific inmate." *Id.* (emphasis added)(citing cases).

"This requirement does not mean that Defendant Hale would have had to have interacted with Mr. Barrios, but permits such knowledge of the risk of suicide to come from subordinates as well." *Id.* (citing *Cox v. Glanz,* 800 F.3d 1231 (10th Cir.2015). The present amended complaint does not contain such allegations. It alleges that "Defendants knew and/or it was obvious that the adoption and maintenance of the aforementioned policies, practices and/or customs posed an excessive risk to the health and safety of inmates like Mr. Dominguez." (#13 at 7, ¶32)(emphasis added). Also: "Defendants disregarded the known and/or obvious risks to the health and safety of inmates like Mr. Dominguez." *Id.* at ¶33.(emphasis added) It alleges that Defendants were "deliberately indifferent to inmates', including Mr. Dominguez's, serious mental health needs." *Id.* at ¶34. (emphasis added).

In other words, plaintiff does not allege that either defendant had knowledge of the substantial risk of suicide as to Mr. Dominguez specifically. In his response, plaintiff

5

suggests that he cannot be expected to allege such knowledge without the opportunity for discovery.  The amended complaint, however, does not specify the pertinent factual contentions.  See Rule 11(b)(3) F.R.Cv.P.  In any event, the Tenth Circuit holds that "when qualified immunity is raised as a defense, there is a narrow right to discovery limited to the issue of qualified immunity."  *Cole v. Ruidoso Mun. Schools,* 43 F.3d 1373, 1387 (10th Cir.1994).* This appears to only be the situation when the district court has first resolved the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred.  See *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir.1992).  This court has done so.

It is the order of the court that the defendants' motion to dismiss (#14) is hereby granted in part and denied in part.  Plaintiff's claims under the Oklahoma Constitution are dismissed.  Plaintiff's federal claims as to defendants in their official capacity are dismissed without prejudice.  Plaintiff's federal claims as to defendants in their individual capacities remain pending. Defendants may renew their assertion of qualified immunity by means of a motion for summary judgment.

**ORDERED THIS 27th DAY OF SEPTEMBER, 2021.**

                                         */s/ Ronald A. White*
                                         **RONALD A. WHITE**
                                         **UNITED STATES DISTRICT JUDGE**

---

*The court regrets not issuing its ruling sooner.  In the interim, the court has entered a scheduling order which sets a general (not limited) discovery deadline.  Defendants, however, never requested a stay of discovery and have not expressed an objection to the scheduling order.